UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LEASA K. GRANT,

       Plaintiff,

And

Case No.: 2:22-cv-00428-LA

STATE OF WISCONSIN DEPARTMENT
OF HEALTH SERVICES and
UNITEDHEALTHCARE INSURANCE
COMPANY

       Involuntary Plaintiff,

vs.

WALMART INC.,

       Defendants.

## DEFENDANT WALMART INC.'S ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**NOW COMES** Defendant Walmart Inc., incorrectly identified as Walmart Claims Services, Inc. ("Defendant") by and through its undersigned attorneys, MWH Law Group LLP, and as for its Answer and Affirmative Defenses to Plaintiff Complaint, hereby admits, denies, alleges, and shows to the Court as follows:

1. Plaintiff, LEASA K. GRANT, is an adult individual residing at 834 North 35th Street, Apartment 109, in the City and County of Milwaukee, State of Wisconsin, 53208.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same and puts Plaintiff to her strict proof.**

2. Involuntary Plaintiff, STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES, is upon information and belief a Governmental Agency, with its principal office located at Office of Legal Counsel, One West Wilson Street, Room 651, in the City of Madison, County of Dane, State of Wisconsin 53073, and at all times material herein allegedly provided monies for health care services to the Plaintiff, LEASA K. GRANT, as a result of the injuries she sustained in the alleged incident. The Plaintiff, LEASA K. GRANT, alleges doubt as to whether the Involuntary Plaintiff, STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES, is truly subrogated or interested in this action, but that said party is joined for the purposes of complying with the provisions of Wis. Stat. § 803.03. The Plaintiff, LEASA K. GRANT, further states that pursuant to Wis. Stats. § 803.03(2)(b)(1)(b), the Involuntary Plaintiff must do one of the following: a. Participate in the prosecution of the action; b. Agree to have his or her interest represented by the party who caused the joinder; or c. Move for dismissal with or without prejudice. In the event of the Involuntary Plaintiff's failure to answer this Complaint within forty-five (45) days, or otherwise appear or exercise one of the foregoing options, then and in that event, any interest they may claim in this action shall be deemed waived, and any and all claims they may have, of whatever type or kind, shall be dismissed with prejudice. Upon information and belief, the Involuntary Plaintiff, STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES, conducts substantial business in the County of Milwaukee, State of Wisconsin.

**ANSWER: Defendant admits that the State of Wisconsin Department of Health Services is a government agency that has its principal office in Madison, Wisconsin. Further answering Paragraph 2, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts Plaintiff to her strict proof.**

3. Involuntary Plaintiff, UNITEDHEALTHCARE INSURANCE COMPANY, is upon information and belief a foreign corporation, with its principal office located at 185 Asylum Street in the City and County of Hartford, State of Connecticut 06103, and whose registered agent for service of process is CT Corporation System located at 301 South Bedford Street, Suite 1, in the City of Madison, County of Dane, State of Wisconsin 53703. That the Involuntary Plaintiff, UNITEDHEALTHCARE INSURANCE COMPANY, is a health plan and alleges to have made payments on behalf of Plaintiff, LEASA K. GRANT, and therefore is joined as an Involuntary Plaintiff for the purpose of complying with the provisions of Wis. Stat. § 803.03. The Plaintiff, LEASA K. GRANT, alleges doubt as to whether the Involuntary Plaintiff, UNITEDHEALTHCARE INSURANCE COMPANY, is truly subrogated or interested in this action. The Plaintiff, LEASA K. GRANT, further states that pursuant to Wis. Stats. § 803.03(2)(b)(1)(b), the Involuntary Plaintiff must do one of the following: a. Participate in the prosecution of the action; b. Agree to have his or her interest represented by the party who caused the joinder; or c. Move for dismissal with or without prejudice. In the event of the Involuntary Plaintiff's failure to answer this Complaint within forty-five (45) days, or otherwise appear or exercise one of the foregoing options, then and in that event, any interest they may claim in this action shall be deemed waived, and any and all claims they may have, of whatever type or kind, shall be dismissed with prejudice. Upon information and belief, the Involuntary Plaintiff, UNITEDHEALTHCARE INSURANCE COMPANY, conducts substantial business in the County of Milwaukee, State of Wisconsin.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts Plaintiff to her strict proof.**

4. Defendant, QBE INSURANCE CORPORATION, is upon information and belief a foreign corporation, with its principal offices located at 600 North 2nd Street, Suite 401 in the City of Harrisburg, County of Dauphin, State of Pennsylvania 14101, and whose registered agent for service of process is CT Corporation System located at 301 South Bedford Street, Suite 1, in the City of Madison, County of Dane, State of Wisconsin 53703. Upon information and belief, the defendant, QBE INSURANCE CORPORATION, was at all times material herein the liability insurance carrier of the Defendant, WALMART CLAIMS SERVICES, INC., pursuant to Wis. Stat. § 803.04(2), and is a proper party by reason of the terms of its policies and the laws of the State of Wisconsin. Upon information and belief, the Defendant, QBE INSURANCE CORPORATION, conducts substantial business in the County of Milwaukee, State of Wisconsin.

**ANSWER: Defendant denies Paragraph 4 of Plaintiff's Complaint. Defendant avers that it is self-insured for incidents such as the incident alleged in Plaintiff's Complaint.**

5. Defendant, WALMART CLAIMS SERVICES, INC., is upon information and belief a foreign corporation, with its principal office located at 702 SW 8th Street in the Town of Bentonville, County of Benton, State of Arkansas 72716, and whose registered agent for service of process is CT Corporation System located at 301 South Bedford Street, Suite 1, in the City of Madison, County of Dane, State of Wisconsin 53703. Upon information and belief, the Defendant, WALMART CLAIMS SERVICES, INC., was at all times material herein the owner of the property located at 5301 South 76th Street in the City of Greendale, County of Milwaukee, State of Wisconsin 53129 (herein after referred to as "The Property"); that the Defendant WALMART CLAIMS SERVICES, INC., was responsible for the inspection, management and maintenance of The Property; that the Defendant, WALMART CLAIMS SERVICES, INC., conducts substantial business in the County of Milwaukee, State of Wisconsin.

**ANSWER: Defendant admits that Walmart Claims Services, Inc. is a foreign corporation. Further answering Paragraph 5, Defendant denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.**

## FIRST CAUSE OF ACTION:

## GENERAL NEGLIGENCE OF WALMART CLAIMS SERVICES, INC.

6. Plaintiff re-alleges and incorporates herein, as though more fully set forth, all of the allegations contained in paragraphs one (1) through five (5) above, with the same force and effect.

**ANSWER: Defendant reasserts its answers and averments to Paragraphs 1 through 5 of Plaintiff's Complaint as if fully set forth herein.**

7. On or about the 17th day of August 2019, the Plaintiff, LEASA K. GRANT, was lawfully upon The Property when she slipped and fell in a dangerous and negligently maintained area, causing the Plaintiff, LEASA K. GRANT, to sustain serious injury. Upon information and belief, The Property was owned, inspected, and maintained by the Defendant, WALMART CLAIMS SERVICES, INC.; that as owner of The Property, the Defendant, WALMART CLAIMS SERVICES, INC., owed a duty to inspect, repair and maintain the walkways and premises of said property, and that by failing to timely and properly maintain the area, the Defendant, WALMART CLAIMS SERVICES, INC., breached that duty.

**ANSWER: Defendant admits that, on August 17, 2019, Plaintiff Leasa K. Grant was at the Walmart store located at 5301 S. 76th St. in Greendale, Wisconsin. Further answering Paragraph 7, Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies**

**that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

8. Upon information and belief, the Defendant, WALMART CLAIMS SERVICES, INC., failed to remove standing water from inside the premises, creating an unreasonably dangerous condition.

**ANSWER: The allegations contained in Paragraph 8 of Plaintiff's Complaint call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 8 of Plaintiff's Complaint contains assertions of fact, Defendant denies all allegations and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

9. Upon information and belief, the Defendant, WALMART CLAIMS SERVICES, INC., failed to warn the Plaintiff, LEASA K. GRANT, that a dangerous condition existed on the premises.

**ANSWER: The allegations contained in Paragraph 9 of Plaintiff's Complaint call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 9 of Plaintiff's Complaint contains assertions of fact, Defendant denies all allegations and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the**

**proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

10. Defendant, WALMART CLAIMS SERVICES, INC., was negligent in the manner in which it inspected, maintained, controlled, supervised, and managed The Property in that it was in a hazardous and dangerous condition; and it was otherwise negligent.

**ANSWER: The allegations contained in Paragraph 10 of Plaintiff's Complaint call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 10 of Plaintiff's Complaint contains assertions of fact, Defendant denies all allegations and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

11. The negligence of the Defendant, WALMART CLAIMS SERVICES, INC., was the proximate cause of the incident and the resulting injuries and damages to the Plaintiff, LEASA K. GRANT.

**ANSWER: The allegations contained in Paragraph 11 of Plaintiff's Complaint call for legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 11 contains asserions of fact, Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged**

**negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

12. As a direct result of the actions or inactions and negligence of Defendant, WALMART CLAIMS SERVICES, INC., the Plaintiff, LEASA K. GRANT, was seriously injured, suffered great pain of body and mind, was obliged to expend monies for medical care an attention, and was prevented from engaging in her normal activities, all to her damage in an amount to be determined by the trier of fact.

**ANSWER: The allegations contained in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 12 of Plaintiff's Complaint contains assertions of fact, Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

## SECOND CAUSE OF ACTION:

## NEGLIGENCE OF WALMART CLAIMS SERVICES, INC.: SAFE PLACE

13. Re-alleges and incorporates herein, as though more fully set forth, all of the allegations contained in paragraphs one (1) through twelve (12) above with the same force and effect

**ANSWER: Defendant reasserts its answers and averments to Paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein.**

14. On or about the 17th day of August 2019, the Plaintiff, LEASA K. GRANT, was a

frequenter, as that term is used in Chapter 101, Wisconsin Statutes, and lawfully upon The Property, owned, inspected, and maintained by Defendant, WALMART CLAIMS SERVICES, INC., when Plaintiff, LEASA K. GRANT, slipped and fell in a dangerous and negligently maintained area, causing the Plaintiff, LEASA K. GRANT, to sustain serious injury.

**ANSWER: Defendant admits that, on August 17, 2019, Plaintiff Leasa K. Grant was at the Walmart store located at 5301 S. 76th St. in Greendale, Wisconsin. Further answering Paragraph 14, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

15. Defendant, WALMART CLAIMS SERVICES, INC., individually and/or through its agents, servants, and/or employees, was negligent and careless and failed to properly inspect and/or maintain The Property; and that as the owner of said property the Defendant, WALMART CLAIMS SERVICES, INC., had a duty to keep the building and property so constructed, repaired, and maintained so as to render the same as safe as the nature of the premises will permit, to adopt and use methods and processes reasonable and adequate to render the premises safe, and to properly maintain, inspect and repair the premises in question pursuant to the provisions of Chapter 101, Wis. Stats.

**ANSWER: The allegations contained in Paragraph 15 of Plaintiff's Complaint call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 15 of Plaintiff's Complaint contains assertions of fact, Defendant denies the allegations contained in**

**Paragraph 15 of Plaintiff's Complaint and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

16. Defendant, WALMART CLAIMS SERVICES, INC., individually and/or through its agents, employees, and/or servants, breached said duty and also failed to inspect, repair and maintain said property so as to render said property as safe as the nature of the premises would permit, in violation of Chapter 101, Wis. Stats.

**ANSWER: The allegations contained in Paragraph 16 of Plaintiff's Complaint call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 16 of Plaintiff's Complaint contains assertions of fact, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

17. Defendant, WALMART CLAIMS SERVICES, INC., individually and/or through its agents, employees and/or servants, knew or in the exercise of reasonable care, should have known, that the premises were unsafe for those lawfully on The Property, and exposed such persons to unreasonable risks of injury.

**ANSWER: The allegations contained in Paragraph 17 of Plaintiff's Complaint call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 17 of Plaintiff's**

**Complaint contains assertions of fact, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

18. As a direct and proximate cause of the breach of said Defendant, WALMART CLAIMS SERVICES, INC., its agents, employees and/or servants, the Plaintiff, LEASA K. GRANT, was seriously injured, suffered great pain of body and mind, was obliged to expend monies for medical care and attention, and was prevented from engaging in her normal activities, all to her damage in an amount to be determined by the trier of fact.

**ANSWER: The allegations contained in Paragraph 18 of Plaintiff's Complaint call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demand strict proof thereof. To the extent Paragraph 18 of Plaintiff's Complaint contains assertions of fact, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint and specifically denies that it is liable to Plaintiff in any way, denies that it was negligent in any manner, denies that it breached any duty owed to Plaintiff, denies that any alleged negligence on its part was the proximate cause of any of Plaintiff's alleged injuries, and denies the alleged extent of the damages claimed.**

## AFFIRMATIVE DEFENSES

1. Any allegations contained in Plaintiff's Complaint not specifically admitted are hereby denied.

2. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

3. Plaintiff's action is barred because she has not suffered any injury proximately caused by any act or omission attributable to Defendant.

4. Plaintiff's action is barred because the condition complained of by Plaintiff was not in existence for a sufficient amount of time to place Defendant on notice of the existence of the condition and provide an opportunity to remedy.

5. Plaintiff was at fault and her fault was the sole proximate cause or proximate cause of the incident alleged in Plaintiff's Complaint, and resulting damages, if any, and such fault should bar or reduce the amount of Plaintiff's recovery against Defendant, in accordance with Wis. Statutes §895.045.

6. To the extent Plaintiff sustained any injuries and/or damages, they were caused in whole or in part by her own acts or omissions.

7. To the extent Plaintiff sustained any injuries and/or damages, Plaintiff's damages were the direct result of Plaintiff's failure to exercise ordinary care in failing to keep a proper lookout, which was the cause of Plaintiff's fall and any injuries she might have suffered.

8. To the extent Plaintiff sustained any injuries and/or damages, Plaintiff's damages were the direct result of Plaintiff's failure to exercise ordinary care in failing to take action to avoid injuries, as Plaintiff had an alternate, safe route available to her that she chose not to take.

9. To the extent Plaintiff sustained any injuries and/or damages, they were the direct result of Plaintiff's own recklessness in not heeding warning signs that were clearly visible to her.

10. To the extent Plaintiff sustained any injuries and/or damages, they were caused by a party or parties other than Defendant.

11. To the extent Plaintiff sustained any injuries and/or damages, they were caused by an intervening and/or superseding cause that prevents Plaintiff from recovery against Defendant.

12. Plaintiff's alleged damages, if any, were the result of an unforeseeable series of events over which Defendant had no control.

13. To the extent Plaintiff sustained any injuries and/or damages, they were caused by Plaintiff's preexisting conditions for which Defendant bears no legal responsibility.

14. Plaintiff may have failed to mitigate her damages, if any.

15. Plaintiff is not entitled to the relief or damages requested.

16. Plaintiff may have failed to name necessary and indispensable parties.

17. Plaintiff has failed to state claims for, and is not legally entitled to, compensatory damages.

18. Plaintiff is not entitled to prejudgment interest, costs, or attorney's fees.

19. Defendants herein incorporate by reference all defenses contained in Wis. Stat. §802.06(2)(a)(1) through (7) and (9).

20. Defendant hereby adopts by reference any and all affirmative defenses raised by any other Defendant, whether now named or subsequently brought into this action.

21. Defendant reserves the right to assert additional affirmative defenses that become known during discovery and/or trial.

## **JURY DEMAND**

**NOW COMES** Defendant Walmart Inc. and hereby requests a trial by jury on all issues in the above-captioned matter.

Dated this 13th day of April, 2022.

**MWH LAW GROUP LLP**
Attorneys for Defendant Walmart Inc.


By: /s/ *Electronically signed by Carlos R. Pastrana*
Carlos R. Pastrana
SBN: 1088286
735 N. Water Street, Suite 610
Milwaukee, WI 53202
Telephone: (414) 436-0353
Facsimile: (414) 436-0354
*carlos.pastrana@mwhlawgroup.com*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 13, 2022, a copy of this document was served upon all parties in the above cause by the **electronic document management system ("CM/ECF")**, which will send notification of such filing to all attorneys of record.

**Attorneys for Plaintiff Leasa K. Grant**
Michael A. LoCoco
Richard B. Hess
Gruber Law Offices, LLC
100 E. Wisconsin Avenue, Suite 2800
Milwaukee, WI 53202

**State Of Wisconsin Department of Health Services**
A Governmental Agency
c/o Alli M. Welch
One West Wilson Street, Room 651
Madison, WI 53703
*allison.welch@dhs.wisconsin.gov*

**UnitedHealthcare Insurance Company**
185 Asylum Street
Hartford, CT 06103,
c/o Registered Agent
CT Corporation System,
301 South Bedford Street, Suite 1
Madison, WI 53703
*mmayer@wseldriley.com*

*/s/ Elsa Chavez*
